ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

DIALLO MCKNIGHT,

                            Plaintiff,

        - against -

THE CITY OF NEW YORK, P.O. VINCENT BRITES,
P.O. PIERRE, P.O. PETER DEVINCIENZI, SERGEANT
RAYMOND GONZALEZ, P.O. "JOHN DOE"
Individually and in their official capacities (the name John
Doe being fictitious as the true names are presently
unknown),

                            Defendants.
-------------------------------------------------------------------x

*DKT#: 14-CV-3604* **(SLT )(MDG)**

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff, DIALLO MCKNIGHT, complaining of the defendants, respectfully allege as

follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages and punitive damages pursuant
   to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said
   rights are secured by said statutes and the Constitutions of the State of New York and
   the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the
First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §
1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.  Plaintiff, DIALLO MCKNIGHT, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7.  THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.  That at all times hereinafter mentioned, the individually named defendants, P.O. VINCENT BRITES, P.O. PIERRE, P.O. PETER DEVINCIENZI, SERGEANT RAYMOND GONZALEZ, P.O. "JOHN DOE", were duly sworn police officers of the New York City Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants

while acting within the scope of their employment by defendant, CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

## **FACTS**

13. On or about October 4, 2013, at approximately 8:00 p.m., the Plaintiff was driving his car westbound on Linden Boulevard in Queens County, New York.

14. The Plaintiff was stopped by the Defendant police officers.

15. The Defendant police officers did not have any probable cause or reasonable suspicion to stop the Plaintiff.  He did not commit any crime or violate any sections of the Vehicle and Traffic Law.

16. The Plaintiff was held at the location where he was stopped for approximately 30 minutes.

17. At one point during the stop, before Plaintiff was handcuffed and arrested, The Plaintiff was informed that he was pulled over because a single air freshener was hanging from his rear-view mirror, which obstructed the Plaintiff's view.

18. There was an air freshener hanging from the rear-view mirror.  However, the air freshener was only a little bit larger than a business card and did not obstruct the Plaintiff's view out of any of his vehicle's windows.

19. The Defendant police officers did not have any reasonable basis to believe the air freshener obstructed the Plaintiff's view.

20. The Defendant police officers did not have reasonable suspicion that a traffic infraction had been committed based on the presence of a small air freshener.  (See People v. O'Hare, 73 AD3d 812 (2010)).

21. After approximately 30 minutes, P.O. BRITES asked the Plaintiff to walk towards the police vehicle so he could explain what was going on. Then, P.O. BRITES handcuffed the Plaintiff and told the Plaintiff he had a warrant for his arrest.

22. The Plaintiff did not have a warrant for his arrest. P.O. BRITES concocted the story of the Plaintiff having a warrant for his arrest in order to take him into custody.

23. P.O. PIERRE and P.O. "JOHN DOE" knew or should have known that the Plaintiff did not have a warrant for his arrest and failed to intervene and prevent his unlawful arrest by P.O. BRITES.

24. The Plaintiff was charged with having rear license plate lights that were inoperable and for having his view obstructed by a single air freshener hanging from his center rear view mirror.

25. The Plaintiff's rear license plate lights were operable. The Defendant police officers fabricated the allegation that the rear license plate lights were inoperable.

26. As also set forth above under Paragraphs 17-20, the Plaintiff's air freshener did not obstruct his view. The Defendant police officers fabricated the allegation that the air freshener obstructed Plaintiff's view.

27. The Defendant police officers did not have probable cause to arrest the Plaintiff.

28. The Plaintiff was in jail for approximately 25 hours before being released from custody.

29. The Plaintiff's criminal charges were resolved with an adjournment in contemplation of dismissal (ACD).

30. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame,

indignity, damage to reputation, and deprivation of his constitutional rights.

## FEDERAL LAW CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

33. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

36. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

### SECOND CLAIM FOR RELIEF
### UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

37. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and unlawful seizure of their person without any probable cause, privilege, or consent.

39. The Plaintiff was held at the scene of his traffic stop was for an unreasonable length of time in violation of Terry v. Ohio, 392 US 1 (1968) and its progeny.

40. That the seizure of the plaintiff was objectively unreasonable and in violation of the plaintiff's constitutional rights.

41. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### THIRD CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

44. That the detention of the plaintiff by defendant was objectively unreasonable and in

violation of plaintiff's constitutional rights.

45. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of enjoyment and use of his firearm, loss of property, loss of use and enjoyment of his property, incurred monetary costs, and deprivation of his constitutional rights.

**FOURTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants subjected the Plaintiff to false arrest and a protracted and unreasonable traffic stop.

48. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

49. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK, all under the supervision of ranking officers of the New York City Police Department.

50. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, include but are not limited to the following unconstitutional practices:

(a) Failing to properly train, in general;

(b) Failing to supervise police officers;

(c) Subjecting persons to violations of their constitutionally protected rights;

(d) Subjecting persons to false arrest.

51. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

52. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

53. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights, for which THE CITY OF NEW YORK is liable.

54. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### NEGLIGENT SUPERVISION, RETENTION, TRAINING AND PRACTICE

55. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

56. Defendant CITY OF NEW YORK negligently trained, retained and supervised named Defendant Police Officers who practiced acts that were negligent in nature,

which resulted in the Plaintiff's deprivation of freedom and civil rights. The acts and conduct of named Defendant Police Officers were the direct and proximate case of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and named Defendant Police Officers failed to properly and accurately maintain, update, and search warrant databases which stores inaccurate and incorrect information. The Police Department utilizes more than one warrant search system, of which one produces inaccurate and incorrect information as compared to the other.

58. As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to physical and emotional pain, suffering, humiliation.

## DAMAGES AND RELIEF REQUESTED

59. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A.  Not to be deprived of liberty without due process of law;

    B.  To be free from seizure and arrest not based upon probable cause;

    C.  To be free from unwarranted and malicious criminal prosecution;

    D.  To receive equal protection under the law.

61. By reason of the aforesaid conduct by defendants, plaintiff is entitled to the sum of one million dollars ($1,000,000.00) in special and compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well

as costs and disbursements of this action, and any further relief as the Court may find just and proper.

      **WHEREFORE,** Plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action for the Federal Causes of Action.

Dated: New York, NY
      May 19, 2015

                          By:
                          DIALLO O. MCKNIGHT
                          *Plaintiff (Pro Se)*
                          146-38 176th Street
                          Jamaica, NY 11434
                          (718) 415-0224